FILED
CLERK, U.S. DISTRICT COURT

6/17/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALAN ALCAZAR,<br>　aka "Cuate,"<br>　aka "El Gemelon,"<br>ALEJANDRO GONZALEZ,<br>GERARDO GUERRA-GOMEZ,<br>　aka "Gerardo Torres Gomez,"<br>BRYAN MORALES,<br>RICARDO VIZCARRA MANJARREZ,<br>BRYAN JAHYR ALVAREZ,<br>BRYAN ANTONIO JARAMIO,<br>　aka "Dream,"<br>　aka "Swindle,"<br>　aka "Jaramillo,"<br>JUAN MANUEL CALDERA LARA, and<br>MYLES SEVERINO STEWART,<br><br>　　　　Defendants. | CR  2:25-CR-00497-SPG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (vi), & (ii): Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), & 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

///

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECTS OF THE CONSPIRACY

Beginning on an unknown date and continuing until at least on or about April 23, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendants ALAN ALCAZAR, also known as ("aka") "Cuate," and "El Gemelon," ALEJANDRO GONZALEZ, GERARDO GUERRA-GOMEZ, aka "Gerardo Torres Gomez," BRYAN MORALES, RICARDO VIZCARRA MANJARREZ, BRYAN JAHYR ALVAREZ, BRYAN ANTONIO JARAMIO, aka "Dream," "Swindle," and "Jaramillo," JUAN MANUEL CALDERA LARA, and MYLES SEVERINO STEWART, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); and at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.  Defendants ALCAZAR, GONZALEZ, GUERRA-GOMEZ, MORALES, MANJARREZ, and ALVAREZ, would use a store front located at 743 and

2

745 Merchant Street in Los Angeles as a location to store and repackage drugs for further distribution (the "Stash House"), including fentanyl, cocaine, and methamphetamine.

2.   Defendants ALCAZAR, GONZALEZ, GUERRA-GOMEZ, MORALES, MANJARREZ, and ALVAREZ, would package fentanyl, cocaine, and methamphetamine for further distribution at the Stash House and then load cars with those drugs to facilitate that distribution.

3.   Defendants JARAMIO, CALDERA LARA, and STEWART, would pick up drugs from the Stash House after gaining entrance through the secured gate into the parking lot and then transport the drugs to other locations to facilitate further distribution of those drugs.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants, and others known and unknown to the Grand Jury, committed various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about April 3, 2025, defendant STEWART left the Stash House with a suitcase that contained 3.391 kilograms of methamphetamine and entered a ride share car, which he rode to a parking lot in Anaheim, California.

Overt Act No. 2:   On or about April 3, 2025, defendant STEWART transferred the suitcase containing the methamphetamine into a silver Dodge Caravan driven by another co-conspirator and entered the van.

Overt Act No. 3:   On or about April 3, 2025, after waiting 30 minutes for additional co-conspirators to arrive, defendant STEWART and the driver of the Dodge Caravan departed in a three-car caravan, with the Dodge Caravan in the middle.

<u>Overt Act No. 4</u>:  On or about April 15, 2025, defendant CALDERA LARA arrived at the Stash House in a Dodge Charger and entered the parking lot through the secured electrical gate.

<u>Overt Act No. 5</u>:  On or about April 15, 2025, defendant CALDERA LARA removed a box from the trunk of the Dodge Charger and entered the Stash House.

<u>Overt Act No. 6</u>:  On or about April 15, 2025, after remaining in the Stash House for a prolonged period, defendant CALDERA LARA departed the Stash House with a box containing 8.877 kilograms of methamphetamine that he placed in the trunk of the Dodge Charger.

<u>Overt Act No. 7</u>:  On or about April 23, 2025, at approximately 9:37 a.m., defendant ALCAZAR arrived at the Stash House with defendants GUERRA-GOMEZ and GONZALEZ in a Chevrolet Silverado pick-up truck (the "Silverado") and met with defendant MORALES in the parking lot, who was carrying a black satchel and just arrived in a Nissan Murano (the "Nissan").

<u>Overt Act No. 8</u>:  On or about April 23, 2025, defendant MORALES entered and exited the Stash House multiple times wearing blue latex gloves and a mask carrying several containers to the Silverado.

<u>Overt Act No. 9</u>:  On or about April 23, 2025, at approximately 9:44 a.m., defendants GUERRA-GOMEZ and GONZALEZ placed a plastic tub containing 22.362 kilograms of methamphetamine into the bed of the Silverado pick-up truck.

<u>Overt Act No. 10</u>:  On or about April 23, 2025, defendants GUERRA-GOMEZ and GONZALEZ carried additional containers from the Silverado into the interior of the Stash House.

**Overt Act No. 11:** On or about April 23, 2025, defendants ALCAZAR, GONZALEZ, and GUERRA-GOMEZ departed the Stash House in the Nissan, returning around 30 minutes later, at approximately 11:30 a.m., to park the car on the street and re-enter the Stash House.

**Overt Act No. 12:** On or about April 23, 2025, at approximately 11:35 a.m., defendant JARAMIO arrived at the Stash House in a Toyota Camry (the "Toyota"). Defendant JARAMIO removed a suitcase from the Toyota and entered the Stash House.

**Overt Act No. 13:** On or about April 23, 2025, while defendant JARAMIO took the suitcase inside the Stash House, defendant Morales exited the Stash House and parked the Camry on the street.

**Overt Act No. 14:** On or about April 23, 2025, at approximately 12:00 p.m., defendant JARAMIO opened the parking lot gate for the Stash House to allow a Honda Accord (the "Honda") containing defendant MANJARREZ, defendant ALVAREZ, and a co-conspirator to enter.

**Overt Act No. 15:** On or about April 23, 2025, defendant ALVAREZ retrieved a weighted black plastic bag from the trunk of the Honda and brought it upstairs.

**Overt Act No. 16:** On or about April 23, 2025, defendant JARAMIO then re-parked the Toyota back inside the gated parking area for the Stash House.

**Overt Act No. 17:** On or about April 23, 2025, at approximately 12:06 p.m., defendants MORALES, ALVAREZ, and GONZALEZ walked downstairs from the Stash House, with defendant GONZALEZ carrying a suitcase containing 22.362 kilograms of methamphetamine that he handed to defendant JARAMIO.

<u>Overt Act No. 18</u>:  On or about April 23, 2025, defendant JARAMIO attempted to place the suitcase containing 22.362 kilograms of methamphetamine into the trunk of his Toyota, but when it did not fit, he called a ride share vehicle, and he then departed from the Stash House.

<u>Overt Act No. 19</u>:  On or about April 23, 2025, after defendant JARAMIO departed in the Toyota with the 22.362 kilograms of methamphetamine, defendant ALCAZAR used a police scanner to detect law enforcement activity.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 3, 2025, in Orange County, within the Central District of California, defendant MYLES SEVERINO STEWART knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 3.391 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 15, 2025, in San Bernardino County, within the Central District of California, defendant JUAN MANUEL CALDERA LARA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 8.877 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 23, 2025, in Los Angeles County, within the Central District of California, defendant BRYAN ANTONIO JARAMIO, also known as "Dream," "Swindle," and "Jaramillo," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 22.362 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

On or about April 23, 2025, in Los Angeles County, within the Central District of California, defendants ALAN ALCAZAR, also known as ("aka") "Cuate," and "El Gemelon," ALEJANDRO GONZALEZ, GERARDO GUERRA-GOMEZ, aka "Gerardo Torres Gomez," BRYAN MORALES, RICARDO VIZCARRA MANJARREZ, and BRYAN JAHYR ALVAREZ, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 5.952 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii); 18 U.S.C. § 2(a)]

On or about April 23, 2025, in Los Angeles County, within the Central District of California, defendants ALAN ALCAZAR, also known as ("aka") "Cuate," and "El Gemelon," ALEJANDRO GONZALEZ, GERARDO GUERRA-GOMEZ, aka "Gerardo Torres Gomez," BRYAN MORALES, RICARDO VIZCARRA MANJARREZ, and BRYAN JAHYR ALVAREZ, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 5 kilograms, that is, approximately 7.03 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about April 23, 2025, in Los Angeles County, within the Central District of California, defendants ALAN ALCAZAR, also known as ("aka") "Cuate," and "El Gemelon," ALEJANDRO GONZALEZ, GERARDO GUERRA-GOMEZ, aka "Gerardo Torres Gomez," BRYAN MORALES, RICARDO VIZCARRA MANJARREZ, and BRYAN JAHYR ALVAREZ, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 63.725 kilograms, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which defendant obtained, directly or indirectly, from such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

13

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

JOSHUA J. LEE
Assistant United States Attorney
General Crimes Section